Shane **DICKERSON**, a minor By and Through his Guardian ad Litem, Evelyn **DICKERSON**; Evelyn Dickerson, Guardian ad litem for Shane Dickerson, a minor, Plaintiffs–Appellants,

v.

Carl A. **COHN**[1], Superintendent Long Beach Unified School District; Michael Garrett, individually, Defendants–Appellees.

No. 00–56228.

D.C. No. CV–99–09964–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 6, 2001.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

MEMORANDUM [*]

Shane Dickerson, a minor, by his mother and guardian ad litem, Evelyn Dickerson, appeals the district court's Federal Rules of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 action. Dickerson alleged that both his Fourth and Fourteenth Amendment rights were violated when a custodian of the Long Beach Unified School District grabbed and "slammed" him against a wall in the belief that he had been engaging in mischief. It is not alleged that the custodian's conduct caused any serious injury to Dickerson, who was then seven years old.

Dickerson seeks to bring this case within the purview of the Fourth Amendment in order to argue that the custodian's conduct was objectively unreasonable. *See Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). This Circuit has never held that the use of force against a student by a school official should be analyzed under the Fourth Amendment. We have observed that such an analysis would be appropriate only where the school official's conduct was in furtherance of an investigatory purpose. *See United States v. Attson,* 900 F.2d 1427, 1430–31 (9th Cir.1990) (citing *New Jersey v. T.L.O.,* 469 U.S. 325, 334–35, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985)). This case does not involve such a purpose.

We turn to the Fourteenth Amendment substantive due process claim. The applicable standard is whether the conduct shocked the conscience. *See County of Sacramento v. Lewis,* 523 U.S. 833, 846,

1. The docket sheet incorrectly spells Appellee's name as "Cohen."

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). We cannot find that any reasonable fact-finder could conclude that the custodian's alleged conduct, that is not alleged to have resulted in any serious injuries, shocks the conscience. Nor can we conclude that the existence of a policy that permits custodians to discipline students shocks the conscience.

Dickerson also fails to state a claim against the superintendent, Cohn, in his individual capacity, because he does not allege that Cohn personally participated in or knowingly permitted the alleged incident. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

AFFIRMED.

---

* The Honorable Charles Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.